FILED
United States Court of Appeals
Tenth Circuit

August 28, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

GREGORY THOMAS FARHAT,

  Plaintiff-Appellee,

v.

RAY YOUNG, in his individual
capacity and as Sheriff's Deputy of
Stephens County, in his official
capacity,

  Defendant-Appellant,

 and

STEPHENS COUNTY BOARD OF
COUNTY COMMISSIONERS,
a municipal corporation; JIMMIE
BRUNER, in his individual capacity
and as Sheriff of Stephens County, in
his official capacity; PATRICK
NORTON, JEFF POLLOCK, and
ROBERT LYNN, in their individual
capacities and as Police Officers of the
City of Duncan, in their official
capacities,

  Defendants.

No. 08-6159
(D.C. No. 5:06-CV-00468-R)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is

(continued...)

Before **HARTZ**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and
**TYMKOVICH**, Circuit Judge.

Defendant Ray Young brings this interlocutory appeal from the district
court's order denying his motion for summary judgment as to qualified immunity
and punitive damages. Because we lack jurisdiction under the collateral order
doctrine, we dismiss the appeal.

On August 26, 2004, plaintiff Gregory Thomas Farhat was arrested for
disturbing the peace by public intoxication, apparently due to methamphetamine
and marijuana use. He was booked that afternoon into the Stephens County,
Oklahoma, jail, where Mr. Young worked as a detention officer. Mr. Farhat was
placed in an isolation cell, which lacked running water. Two days later, at noon
on August 28, he was found collapsed on the concrete floor with his neck and lips
swollen. He was taken by ambulance to a hospital where he presented with sores
on his face, a swollen face and lips, pneumothoraces with subcutaneous
emphysema, suspected esophageal perforation, disorientation, sepsis cultured as
Streptococcus (infection to the bloodstream), pressure sores on his buttocks,
severe dehydration, rhabdomyolysis, renal failure, cognitive deficit (organic or

[*](...continued)
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

traumatic brain injury), and multiple organ failure syndrome. He spent part of his hospitalization in a coma and was released in late November 2004. His medical bills exceeded $507,000.

In this action, Mr. Farhat asserted a number of claims against Mr. Young and other defendants, including a claim under 42 U.S.C. § 1983 alleging deliberate indifference to his medical needs in violation of the Eighth Amendment. He sought actual, compensatory, and punitive damages.

Mr. Young moved for summary judgment on all claims against him, but only the district court's denial of qualified immunity on his § 1983 claim and the court's refusal to dismiss Mr. Farhat's request for punitive damages are at issue in this appeal. We first address the denial of qualified immunity.

"The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 129 S. Ct. 808, 815 (2009) (quotation omitted). The district court denied Mr. Young qualified immunity because it concluded that there remain disputed, genuine issues of fact regarding whether he was aware of a substantial risk of serious harm to Mr. Farhat and nevertheless refused to assist him, as Mr. Farhat is required to show in order to prevail on his Eighth Amendment claim of deliberate indifference. *See Farmer v. Brennan*,

511 U.S. 825, 837 (1994). The court detailed the parties' respective versions of the facts, and we do the same.

According to Mr. Young's deposition testimony, he only had contact with Mr. Farhat during his 4 p.m.-to-midnight shift on August 27. Mr. Young said he performed a number of sight checks on Mr. Farhat and noted that he had about a quart of water available. Mr. Young asked Mr. Farhat multiple times whether he wanted fresh water. Mr. Farhat never responded coherently, but Mr. Young gave him some fresh water anyway. Mr. Young further stated that there were no visual signs that Mr. Farhat was in distress and that he did not feel Mr. Farhat needed medical attention; in his opinion, Mr. Farhat was still intoxicated or coming down off drug use, as evidenced by his incoherency, vacant stares, pacing, and lying on the concrete floor of his cell. Mr. Young also testified that Mr. Farhat never asked him for water and that he never heard Mr. Farhat saying that he was hot or burning up. Mr. Young's final sight check indicated that Mr. Farhat was doing all right, and he contends that Mr. Farhat's condition suddenly changed near the time he was found collapsed.

Mr. Farhat, on the other hand, stated at his deposition that he has limited memory of what happened, but he recalled being ignored when he yelled for food and water shortly after being placed in his cell. He also recalled receiving one glass of water, taking a drink, passing out, and waking up in the hospital. He believed he had been given bleach to drink. He had no memory of any other

-4-

events or of Mr. Young. However, another inmate housed at the jail during Mr. Farhat's stay, Jason Free, stated in a sworn affidavit that he heard Mr. Farhat "begging for water" and "complaining that he was burning up and that his throat was closing up." Aplt. App., Vol. II at 528-29, ¶¶ 11-12. Mr. Free also stated that he "witnessed [Mr.] Young refuse to give water to [Mr.] Farhat" and "witnessed that [Mr.] Young never returned to check on [Mr.] Farhat after denying him water." *Id.* at 529, ¶ 13-14. The district court relied on conflicts between Mr. Free's affidavit and Mr. Young's testimony in reaching the conclusion that genuine, disputed fact issues existed as to whether Mr. Young was aware of a substantial risk of serious harm to Mr. Farhat but nevertheless refused to assist him. Accordingly, the court denied Mr. Young's motion for summary judgment on his qualified immunity defense.

Our jurisdiction over this interlocutory appeal turns on application of the collateral order doctrine, which provides that "a district court's denial of a claim of qualified immunity, to the extent that it turns on an issue of law, is an appealable 'final decision' within the meaning of 28 U.S.C. § 1291 notwithstanding the absence of a final judgment." *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985). Under the doctrine, "summary judgment determinations *are* appealable when they resolve a dispute concerning an abstract issue of law—typically, the issue whether the federal right allegedly infringed was clearly established[.]" *Behrens v. Pelletier*, 516 U.S. 299, 313 (1996) (quotation,

citation, and alteration omitted).  But "a defendant, entitled to invoke a qualified immunity defense, may not appeal a district court's summary judgment order insofar as that order determines whether or not the pretrial record sets forth a 'genuine' issue of fact for trial."  *Johnson v. Jones*, 515 U.S. 304, 319-20 (1995).  Thus, "we are not at liberty to review a district court's factual conclusions, such as the existence of a genuine issue of material fact for a jury to decide, or that a plaintiff's evidence is sufficient to support a particular factual inference."  *Fogarty v. Gallegos*, 523 F.3d 1147, 1154 (10th Cir. 2008); *see also Behrens*, 516 U.S. at 313 ("[I]f what is at issue in the sufficiency determination is nothing more than whether the evidence could support a finding that particular conduct occurred, the question decided is not truly 'separable' from the plaintiff's claim, and hence there is no 'final decision'" appealable under the collateral order doctrine.).  Nevertheless, "if a defendant's appeal of the denial of a motion for summary judgment is based on the argument that, even under the plaintiff's version of the facts, the defendant did not violate clearly established law, then the district court's summary judgment ruling is immediately appealable."  *Johnson v. Martin*, 195 F.3d 1208, 1214 (10th Cir. 1999).

Mr. Young contends that he is entitled to qualified immunity even under the facts as alleged by, and viewed in the light most favorable to, Mr. Farhat.  But he has not relied solely on Mr. Farhat's version of the facts.  Instead he relies on evidence supporting his version of events, in particular his testimony that

Mr. Farhat had water and did not respond when asked if he wanted more water or fresh water. *See* Aplt. Br. at 19. Taking these factual assertions into consideration, as well as Mr. Free's affidavit, he asks us to review whether the evidence is sufficient to support the conclusion that he was deliberately indifferent to a substantial risk to Mr. Farhat's health. *See, e.g.*, *id.* at 17 ("The affidavit of Jason Free simply does not present facts to support the conclusion that Ray Young was deliberately indifferent to a known and obvious risk of serious harm."); *id.* at 19 ("Jason Free's affidavit does not controvert in any way Ray Young's testimony that he observed [Mr.] Farhat with water in his possession."). Mr. Young's attempt to backtrack from these arguments is unavailing. *See* Reply Br. at 16. Clearly the challenge here is to the district court's determination that there is a disputed fact issue concerning Mr. Young's subjective knowledge and related conduct. That is the sort of unreviewable determination that falls outside the scope of the collateral order doctrine. *See* *Behrens*, 516 U.S. at 313; *Fogarty*, 523 F.3d at 1154. Notably, Mr. Farhat's theory of liability is not limited to Mr. Young's alleged failure to provide water, but encompasses whether Mr. Young's alleged deliberate indifference resulted in a delay in providing medical care that exacerbated the harm to Mr. Farhat's health. Thus, even if, as Mr. Young argues, the undisputed evidence shows that other jailers working shifts after Mr. Young's gave Mr. Farhat water and observed

no signs of distress other than continued intoxication, it does not alter our jurisdictional conclusion.

Mr. Young also argues that under the second prong of the qualified immunity analysis, a reasonable person in his position would not understand that he was violating Mr. Farhat's clearly established constitutional rights by failing to provide him water when he already had some and by failing to send him to the hospital when "[Mr.] Farhat was conscious, ambulatory, showing an outwardly improving physical condition, and demonstrating behaviors and symptoms that were consistent with a person still under the influence of a recent meth binge." Aplt. Br. at 21. This argument is grounded in disputed facts, so we lack jurisdiction to consider it under the collateral order doctrine.[1]

Finally, Mr. Young contends that the district court erred in denying summary judgment regarding punitive damages. The court's denial of summary judgment on this issue does not fall within the collateral order doctrine, so we lack jurisdiction to review it. *See Osage Tribal Council ex rel. Osage Tribe of Indians v. U.S. Dep't of Labor*, 187 F.3d 1174, 1180 (10th Cir. 1999) (concluding that ruling on punitive damages was not a final order under the collateral order

---

[1]    Mr. Farhat has asked us to review the district court's disregard of the affidavits of two of his witnesses, but only if we were to conclude that the court erred in denying Mr. Young qualified immunity. Because we have determined the qualified immunity issue in Mr. Farhat's favor, we do not address the court's disregard of the affidavits, which, incidently, occurred in a separate order granting another defendant's motion for summary judgment. Mr. Farhat dismissed his appeal of that decision.

doctrine despite the fact that another part of the same order, the denial of tribal immunity, was reviewable).

For the reasons stated above, this appeal is **DISMISSED** for lack of jurisdiction.

Entered for the Court


Wade Brorby
Senior Circuit Judge