FILED
United States Court of Appeals
Tenth Circuit

June 29, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

GREGORY THOMAS FARHAT,

      Plaintiff-Appellee,

v.

JIMMIE BRUNER,

      Defendant-Appellant,

and

STEPHENS COUNTY BOARD OF
COUNTY COMMISSIONERS;
RAY YOUNG,

      Defendants.

No. 09-6280
(D.C. No. 5:06-CV-00468-R)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, Chief Judge, **TYMKOVICH**, and **GORSUCH**, Circuit
Judges.

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Defendant Jimmie Bruner, the former sheriff of Stephens County, Oklahoma, brings this interlocutory appeal from the district court's denial of her motion for summary judgment as to qualified immunity and punitive damages.[1] Because Sheriff Bruner raises only disputed issues of fact, we lack jurisdiction under the collateral order doctrine and dismiss her appeal.

## I. Background

The events that gave rise to this civil rights lawsuit are detailed in our prior, related decision dismissing for lack of jurisdiction the interlocutory appeal of Sheriff Bruner's co-defendant, Stephens County detention officer Ray Young. *See Farhat v. Young*, 343 F. App'x 321 (10th Cir. 2009) (unpublished). In *Farhat v. Young*, as is relevant here, we stated:

> On August 26, 2004, plaintiff Gregory Thomas Farhat was arrested for disturbing the peace by public intoxication, apparently due to methamphetamine and marijuana use. He was booked that afternoon into the Stephens County, Oklahoma, jail . . . . Mr. Farhat was placed in an isolation cell . . . which lacked running water. Two days later, at noon on August 28, he was found collapsed on the concrete floor with his neck and lips swollen. He was taken by ambulance to a hospital where he presented with sores on his face, a swollen face and lips, pneumothoraces with subcutaneous emphysema, suspected esophageal perforation, disorientation, sepsis cultured as Streptococcus (infection to the bloodstream), pressure sores on his buttocks, severe dehydration, rhabdomyolysis, renal failure, cognitive deficit (organic or traumatic brain injury), and

---

[1]     We refer to the defendant as "Sheriff Bruner" because, even though she retired at the end of 2008, she was sheriff at the time of the events pertinent to this appeal. *See* John Walker, *Bruner Set to Pass Baton of Responsibility to New Sheriff*, The Duncan Banner, Nov. 16, 2008, *available at* 2008 WLNR 21894258.

> multiple organ failure syndrome. He spent part of his hospitalization in a coma and was released in late November 2004. His medical bills exceeded $507,000.

*Id.* at 323.

Mr. Farhat filed suit, asserting a number of claims against Sheriff Bruner and others, including a claim under 42 U.S.C. § 1983, alleging Sheriff Bruner, in her individual capacity, established an unwritten policy or custom of denying inmates and pretrial detainees medical care, and that she failed to train and supervise her deputies "to ensure the health and safety of prisoners under [her] control," Aplt. App., Vol. I at 18; *see also id.*, Vol. II at 415 (alleging that Sheriff Bruner violated Mr. Farhat's "clearly-established 14th Amendment guarantee that medical care will be provided to pre-trial detainees"). Mr. Farhat sought actual, compensatory, and punitive damages.

Sheriff Bruner moved for summary judgment on all claims against her. Only the district court's denial of qualified immunity on Mr. Farhat's § 1983 claim and the court's refusal to dismiss Mr. Farhat's request for punitive damages are at issue in this appeal.

## II. Discussion

"Qualified immunity protects governmental officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Weise v. Casper*, 593 F.3d 1163, 1166 (10th Cir. 2010) (quotations omitted). "The

qualified immunity inquiry has two prongs: whether a constitutional violation occurred, and whether the violated right was clearly established at the time of the violation." *Id.* at 1166-67 (quotation omitted).

To make out a claim for supervisor liability under § 1983, a plaintiff must show that an "affirmative link exists between the constitutional deprivation and either the supervisor's personal participation, [her] exercise of control or direction, or [her] failure to supervise." *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008) (quotations omitted). "[D]irect participation is not necessary." *Buck v. City of Alburquerque*, 549 F.3d 1269, 1279 (10th Cir. 2008).

> Any official who 'causes' a citizen to be deprived of [his] constitutional rights can also be held liable. The requisite causal connection is satisfied if the defendant set in motion a series of events that the defendant knew or reasonably should have known would cause others to deprive the plaintiff of [his] constitutional rights.

*Id.* at 1279-80; *Meade v. Grubbs*, 841 F.2d 1512, 1528 (10th Cir. 1988) ("[A] sheriff is accountable in a § 1983 action whenever . . . [she] knew or should have known of the misconduct, and yet failed to prevent future harm." (quotation omitted)). Stated differently, "[l]iability of a supervisor under § 1983 must be predicated on the supervisor's deliberate indifference, rather than mere negligence. To be guilty of deliberate indifference, the defendant must know [she] is creating a substantial risk of bodily harm." *Green v. Branson*, 108 F.3d 1296, 1302 (10th Cir. 1997) (citation and quotations omitted).

In this case the district court acknowledged, as a threshold matter, that genuine issues of material fact remain for trial regarding whether Sheriff Bruner's subordinate, co-defendant Young, was aware of a substantial risk of serious harm to Mr. Farhat and nevertheless refused to assist him. The court then detailed, among other evidence, "numerous complaints that medical needs were not being met by the staff of the jail, . . . complaints that requests for medical care had been ignored, and . . . asserti[ons] that prescribed medical care was withheld by jail staff." Aplt. App., Vol. II at 860. Ultimately, the district court denied Sheriff Bruner qualified immunity, holding

> that there is sufficient evidence from which a jury could conclude
> that Sheriff Bruner knew her policies regarding medical treatment
> were insufficient to protect the rights of inmates and detainees and
> that she nevertheless failed to alter or amend her policies and
> training to protect the rights of such persons, and as a result,
> [Mr. Farhat] did not receive timely medical care.

*Id.* at 861.

Before we can turn to the merits of Sheriff Bruner's interlocutory appeal, we must consider our jurisdiction. Whether we have jurisdiction over this interlocutory appeal turns on the collateral order doctrine, which provides that "a district court's denial of a claim of qualified immunity, to the extent that it turns on an issue of law, is an appealable 'final decision' within the meaning of 28 U.S.C. § 1291 notwithstanding the absence of a final judgment." *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985). Under the doctrine, "summary judgment

determinations are appealable when they resolve a dispute concerning an abstract issue of law–typically, the issue whether the federal right allegedly infringed was clearly established[.]" *Behrens v. Pelletier*, 516 U.S. 299, 313 (1996) (quotation, citation, and alteration omitted). "[A] defendant, entitled to invoke a qualified immunity defense, may not[, however,] appeal a district court's summary judgment order insofar as that order determines whether or not the pretrial record sets forth a 'genuine' issue of fact for trial." *Johnson v. Jones*, 515 U.S. 304, 319-20 (1995). In other words, "we are not at liberty to review a district court's factual conclusions, such as the existence of a genuine issue of material fact for a jury to decide, or that a plaintiff's evidence is sufficient to support a particular factual inference." *Fogarty*, 523 F.3d at 1154. Indeed, our review at this point must "scrupulously avoid second-guessing the district court's determinations regarding whether [a plaintiff has] presented *evidence* sufficient to survive summary judgment." *Clanton v. Cooper*, 129 F.3d 1147, 1153 (10th Cir. 1997).

On appeal, Sheriff Bruner contends that the district court erroneously denied her qualified immunity because Mr. Farhat failed to affirmatively link any action or failure to act, on the part of Sheriff Bruner, to a violation of Mr. Farhat's clearly established rights. The problem with this general assertion, however, is that she fails to make a *legal* argument (or arguments) in support. For example, with regard to an alleged failure to act, she submits that "evidence supplied . . . indicates that Jail staff repeatedly checked on Plaintiff after

booking . . . [and] that the jailers present were trained in CPR and first aid and that at least one jailer present was an experienced emergency medical technician and a certified paramedic." Aplt. Br. at 12-13. She also contends "the jailers' actions . . . were wholly reasonable." *Id.* at 14. She even goes so far as to claim that "[t]he undisputed evidence shows that jailers' actions evinced concern for [Mr. Farhat's] well-being as well as timely responses to his symptoms," and that Mr. Farhat "wholly failed to demonstrate that jailers deprived him of medical care out of deliberate indifference." *Id.* at 14-15.

All of these assertions concern disputed issues of fact and disregard our prior decision in the appeal involving Sheriff Bruner's subordinate and co-defendant, Mr. Young. In that case, we held "that there is a disputed fact issue concerning Mr. Young's subjective knowledge and related conduct. That is the sort of unreviewable determination that falls outside the scope of the collateral order doctrine." *Farhat*, 343 F. App'x at 325. Sheriff Bruner also contends that she did not have actual or constructive notice sufficient to satisfy the deliberate-indifference standard for supervisory liability under § 1983. But this is a fact question clothed as a legal argument. In short, because all of Sheriff Bruner's arguments are grounded in disputed facts, we lack jurisdiction to consider them under the collateral order doctrine.

Finally, Sheriff Bruner contends that the district court erred in denying summary judgment regarding punitive damages. The court's denial of summary

-7-

judgment on this issue does not fall within the collateral order doctrine, so we lack jurisdiction to review it. *See Osage Tribal Council ex rel. Osage Tribe of Indians v. U.S. Dep't of Labor*, 187 F.3d 1174, 1180 (10th Cir. 1999).

## CONCLUSION

For the reasons stated above, we DISMISS Sheriff Bruner's interlocutory appeal for lack of jurisdiction.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge